LILLIAN CLARKE, a Minor, by ROBERT K. CLARKE, Her Father, v. L. J. JACKSON, Appellant.—116 S. W. (2d) 122.

Division Two, May 3, 1938.

*Wilbur C. Schwartz* and *Morton K. Lange* for appellant.

*Herbert E. Bryant* and *Arnot L. Sheppard* for respondent.

WESTHUES, C.—Plaintiff, Lillian Clarke, a minor, brought suit by Robert K. Clarke, as her natural guardian, against L. J. Jackson, to recover $15,000 in damages for personal injuries alleged to have been sustained through the negligence of the defendant. There was a verdict for the defendant, but the trial court granted plaintiff a new trial and defendant appealed.

Plaintiff was injured when the car which she was driving came in contact with a truck driven by the defendant. Plaintiff's case was submitted to a jury upon primary negligence and also under the humanitarian rule. The court gave a number of instructions at the request of the defendant. A new trial was granted because these instructions were deemed erroneous. In appellant's reply brief we find the following statement:

"With respect to the first and second points made by respondent, we have conceded that if plaintiff made a humanitarian case for the jury, *and* if that case was *properly* submitted in plaintiff's Instruction No. 2, then the 'sole cause' instructions Nos. 4, 5, and 6 were improperly worded and were erroneous under the doctrines of the cases cited under proposition II of respondent's brief. On the other hand, respondent herself seems to concede that if no humanitarian case was made for the jury, then no error was committed in the giving of such sole cause instructions."

We will therefore determine whether plaintiff was entitled to have her case submitted to the jury under the humanitarian doctrine. The collision occurred on Highway No. 25, a few miles south of Crystal City, Missouri. Plaintiff was driving north in a Ford car, at about nine P. M., on June 4, 1934. In the car with plaintiff were her father, mother, two of her sisters and a girl named Patsy Segirt. Plaintiff and her father occupied the front seat and the other parties the rear seat. Plaintiff and the occupants of the car testified that they were traveling north at a speed of about twenty-five miles per hour; that it was dark; that the lights of the Ford were burning; that the car was at all times on the right side of the road, and, at the time of the collision, was near the right edge a number of feet to the right of the center line of the highway. The roadway was hard surfaced for a width of about twenty feet with what is commonly called black-top. Plaintiff further testified that she was looking ahead but did not see anything coming; that she suddenly heard a scraping noise and felt something strike her left arm, whereupon the car was stopped. It was found that the handle of the left door of the car was broken off and there were scratches on the side of the body of the car. The glass of the door, which was down at the time, was broken. Plaintiff's left arm, which had been resting on the door, was struck at the elbow causing her serious injuries. Her father and other occupants of the car corroborated her testimony that whatever object struck their car

had no lights, and that no warning signal was given. After the collision, defendant stopped his truck and went to the scene to see if anyone was injured. Plaintiff's father testified that he did not know a truck had passed along the road until after the collision, when defendant's truck was a few hundred feet to the south; that he examined the truck and found that it did not have any clearance lights; that the body of the truck extended over the edge of the chassis; that a crossbeam extended beyond the body of the truck; that apparently the location of this beam was such that it would strike the Ford's door handle, which had been broken off. Plaintiff's father also testified that when he noticed this truck, after the collision, the headlights were burning but were very dim. The defendant testified that he saw plaintiff's car approaching at a speed of about thirty-five or forty miles per hour; that he, defendant, was driving south with his truck, at a speed of thirty-five or forty miles per hour; that his truck was at all times on the right side of the road, and at the time of the collision the right wheels thereof were partly off the hard surface roadway; that plaintiff's car, when a short distance from his truck, suddenly turned toward his truck and struck the side thereof near the rear, causing one of the tires of the rear dual wheels to blow out. Defendant also testified that the lights of the truck were burning, including headlights and clearance lights.

If plaintiff's and also defendant's evidence, as to the location of their cars, were true, the cars, when passing, would have missed each other at least six feet. That, of course, did not happen. Under the evidence, it was a question for the jury to decide as to who was to blame. ■ The question, however, is, did plaintiff make a case under the humanitarian doctrine? In deciding this we must take plaintiff's evidence as true. If so, she was driving her car on the right side of the road, on a dark night, with the headlights of the car burning. Defendant was driving in the opposite direction with a truck the body of which extended beyond the chassis. The head and clearance lights of the truck were not burning. And if plaintiff's evidence be true, that she was to the right of the center of the highway, then defendant's truck, when it came in contact with plaintiff's car, must have been on defendant's left side of the road, In these circumstances defendant was charged with knowledge that the occupants of plaintiff's car were in danger. A swerving to the right, by the defendant, would have avoided the collision. The evidence justifies an inference that plaintiff was in a position of peril and oblivious of the impending collision. We are not, however, stating that the above facts, contained in the evidence of plaintiff and her witnesses, are true. But, it is evident that plaintiff's evidence made a case under the humanitarian rule. [See Dilallo v. Lynch, 340 Mo. 82, 101 S. W. (2d) 7, l. c. 10 (1-6).] Appellant relies strong-

ly upon the case of Phillips v. Henson, 326 Mo. 282, 30 S. W. (2d) 1065. In that case a truck turned to the left at a street intersection. It was held that the danger in that case did not arise until the truck made the left-hand turn into the pathway of plaintiff. In the case before us there was no evidence that defendant's truck turned to the left or to the right into the pathway of plaintiff, but, as defendant testified, he drove in a straight line. In other words, there was evidence justifying an inference that the defendant was driving his truck at least partly on the left side of the road, thereby placing the occupants of plaintiff's car in danger. Appellant also lays great stress upon the fact that plaintiff testified she did not see the truck, the contention being, that this evidence was unbelievable, and also that it disclosed plaintiff was negligent. Plaintiff testified that the lights of her car illuminated the highway for a distance of about one hundred and fifty feet ahead, but did not illuminate the left side of the road. If defendant's truck lights were out, plaintiff had only a second or two in which to discover the truck. Two cars approaching each other at a speed of thirty to forty miles per hour cover a distance of one hundred and fifty feet in about two seconds. So even if plaintiff were negligent in failing to discover the truck in that short space of time that would not defeat her case under the humanitarian doctrine. Under the authority of Phillips v. Henson and Dilallo v. Lynch, supra, and the cases discussed in those opinions, plaintiff made a submissible case under the humanitarian rule. If this be true we need not consider other questions, because appellant concedes that his instructions were erroneous. ■ We, however, desire to call attention to the rule, that instructions given must be based upon evidence, and also that the "sole cause" instructions, authorizing a verdict for the defendant in humanitarian cases, must not be so worded as to leave room for the consideration of contributory negligence as a defense. [See Dilallo v. Lynch, supra, and cases there cited.]

The order of the trial court granting plaintiff a new trial is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.